IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 13-cv-01853-RBJ

TEVA M. EVANS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER

This case is before the Court on plaintiff Teva Evans's Application for an Award of Attorney's Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 [EFC No. 24]. For the following reasons, the application is denied.

### I. FACTS

Ms. Evans' case first came before this Court on appeal from an unfavorable decision from the Social Security Administration in 2012, at which point I remanded it to the Commissioner in light of several legal deficiencies. *Evans v. Astrue*, No. 10-cv-1579-RBJ, 855 F. Supp. 2d 1231 (D. Colo. Jan. 3, 2012). On remand, the ALJ held another hearing on Ms. Evans' claim and then issued a second unfavorable opinion on October 30, 2012. Ms. Evans subsequently filed a timely appeal of the second decision in this Court. On August 6, 2014, this Court again reversed and remanded the decision of the ALJ, finding that (1) the ALJ erroneously found that Ms. Evans could work as a silverware wrapper, and the Court could not find that this error was harmless; and (2) the ALJ did not pose specific questions about Ms. Evans' mental

limitations to the vocational expert ("VE"), but instead relied on a limitation to unskilled work to account for those limitations. ECF No. 19. Ms. Evans now asks for an award of attorney's fees and expenses under the Equal Access to Justice Act. The government objects to such an award, arguing that its position was substantially justified.

## II. DISCUSSION

### A. Award of Fees Under the EAJA.

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show that (1) it was the prevailing party, (2) the position of the United States was not substantially justified, and (3) there are no special circumstances that make an award unjust.

In a Social Security case, a plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[1] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In its earlier Order, ECF No. 19, this Court reversed the decision of the Commissioner to deny Ms. Evans benefits and remanded the case to the Commissioner for additional review. Thus, Ms. Evans was the prevailing party. The government has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong: whether the government's position was substantially justified.

---

[1] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The burden is on the government to show that its position (including the decision of the ALJ on remand and its response to Ms. Evans' appeal) was substantially justified. *Id.* at 1170. "The test for substantial justification . . . is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct." *Id.* at 1172 (internal citations and quotations omitted). However, the government's position is not substantially justified if it is unreasonable "as a whole." *Id.* at 1175.

    B. **The ALJ's Decision Generally.**

It is important to recall at the outset that this Court agreed with the ALJ's decision in all but two respects. The Court expressly noted at the end of its second remand order that it appreciated the ALJ's diligence in his consideration of the case. ECF No. 19 at 19. The two issues on which the Court again remanded the case were issues on which reasonable minds could differ. Ultimately the Court concluded that the two issues collectively were enough to warrant the ALJ's taking another look at them, but we are dealing with a case where the ALJ did his job well.

    C. **Jobs in the National Economy.**

In his second opinion, the ALJ found that Ms. Evans could perform the jobs of silverware wrapper, document preparer, and surveillance system monitor; he thus concluded that there were jobs that exist in significant numbers in the national economy that she was capable of performing. R. at 644. On appeal to this Court, Ms. Evans argued that the ALJ had erred in finding that she could perform the silverware wrapper job. ECF No. 17 at 1–2. The government agreed, but argued that the error was harmless because the other two jobs existed in sufficient numbers to preclude a finding of disability. ECF No. 16 at 14–15.

As noted in its remand order, courts are wary of applying a harmless error analysis in administrative appeals. ECF No. 19 at 9. Whether the error was harmless turned on whether the record established the availability of a sufficient number of jobs, both nationally and regionally, in the other two categories to offset the erroneous inclusion of silverware wrapper in the list of three. The evidence was that there were some 18,000 jobs in the national economy and 272 jobs in the region in the other two categories. *Id.* The case law cited by the Court could reasonably be viewed as supporting a decision either way. *Compare, e.g.*, *Longgrear v. Colvin*, 26 F. Supp. 3d 1066, 1071 (D. Colo. Mar. 13, 2014) (even assuming that the claimant could not perform two of the three jobs listed by the ALJ, an argument that 13,500 jobs available nationally in the third category would not have merit) *with Chavez v. Barnhart,* 126 F. App'x 453, 456 (10th Cir. 2005) (unpublished) (ALJ's finding that the claimant could perform three jobs listed in the Dictionary of Occupational Titles was erroneous as to two of them; remanded because the ALJ had not had the opportunity to evaluate whether 49,957 jobs nationally and 199 jobs regionally in the third category constituted significant numbers under the statute).

Ultimately this Court, citing *Chavez,* elected to remand so that the ALJ could take another look at the numbers in light of the removal of the silverware wrapping job. ECF No. 19 at 11. In doing so, and without suggesting that the ALJ would not reconsider the matter with an open mind, the Court noted that it would not be surprised if the ALJ determined that the number of jobs available in the other categories was sufficient. *Id.* at 12. Because reasonable minds clearly could differ, and this Court itself found the issue to be a very close call, the Court now finds that the government's position was substantially justified.

### D.  Mental Limitations

Turning to the issue of Ms. Evans' mental limitations, the claimant argued on appeal that

4

the ALJ failed to account properly for the difficulty she faces in maintaining focus and concentration in his RFC determination. ECF No. 15 at 39. The government responded that because the ALJ had limited Ms. Evans to unskilled work, he had fully accounted for her mental limitations. ECF No. 16 at 22. The Court sided with Ms. Evans, finding that the ALJ should have presented Ms. Evans' specific impairments to the VE, who then could have testified about what sorts of jobs might be available to a similarly situated claimant based on a complete record; a general reduction in skill level was insufficient. ECF No. 19 at 18.

Thus the issues here are (1) whether the ALJ's position was substantially justified despite his failure to account explicitly for the claimant's mental limitations, and (2) whether subsequent litigation on this issue was also substantially justified. Ms. Evans argues that the government's position was not substantially justified because the ALJ unreasonably relied on the limitation to unskilled work to accommodate for her mental limitations. EFC No. 28 at 5.

Once again, cases can be found that could be cited in support of both positions. *Compare, e.g.*, *Wendelin v. Astrue*, 366 F. App'x 899, 904 (10th Cir. 2010) (unpublished) (the ALJ adequately compensated for mental limitations by reducing the skill level) *with Wayland v. Chater*, Nos. 95–7029 and 95–7059, 1996 WL 50459, at *2 (10th Cir. Feb. 7, 1996) (unpublished) (although there might be circumstances where a claimant's mental limitations "could be so obviously accommodated by a reduction in skill level that particularized vocational evidence addressing that limitation might be dispensed with, that is clearly not the case here."). Such cases, like the present case, turn on their specific facts. It is not per se unreasonable for an ALJ to rely on a reduction in skill level to account for the claimant's mental limitations.

In the present case, the issue of whether the reduction of skill level accounted for Ms. Evans' mental limitations was a close one, but in the end I was persuaded by the claimant's

argument. Nonetheless, the government's underlying and litigation positions had a reasonable basis in fact and law. Therefore, the government's position on the whole was substantially justified, and I decline to award fees on this basis.

## ORDER

For the foregoing reasons, the plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 is DENIED.

DATED this 18th day of June, 2015
.

BY THE COURT:

_____

R.  Brooke Jackson
United States District Judge